UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16 CR 160 AGF |
| MARIO ESCOTO, | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant, Mario Escoto (hereinafter "Defendant"), represented by defense counsel, Daniel Schattnik, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Two of the Indictment, the government agrees to move for the dismissal as to the defendant of Counts One and Three at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this

1

District relative to the defendant's possession and use of unauthorized access devices on between January 1, 2015 and December 31, 2015, of which the Government is aware at this time.

In addition, the parties have agreed to make a non-binding recommendation to the Court that the defendant be sentenced to a term of probation. The parties acknowledge that the Court is not bound by the parties' recommendation.

## 3. ELEMENTS:

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section, 1028(a)(7) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. The defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person.

2. The defendant did so with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.

3. The transfer, possession, or use of the means of identification was in or affected interstate or foreign commerce.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about June 19, 2015, the defendant entered a TJ Maxx store in Des Peres, Missouri, within the Eastern District of Missouri. The defendant selected an item from the sales floor and proceeded to the cashiers. The defendant gave the cashier the selected item, valued at $28.00, and one gift card, with a value of $150.00. The defendant gave the cashier an access device encoded with a Mastercard account number *4105. The cashier completed a transaction which charged account number *4105 with a purchase of $180.41. Upon completing that purchase, the defendant then asked the cashier to use the same access device encoded with account number *4105 to complete the purchase of a second $150.00 gift card. The cashier completed the purchase which charged account number *4105 with a purchase of $150.00. The defendant took the merchandise and the two gift cards and left the store.

That same day, victim R.V. contacted the Des Peres Police Department and reported that his First National Bank Mastercard debit card with account number *4105 had been used to make several unauthorized purchases, including the two TJ Maxx purchases described above. R.V.'s account reflected that account number *4105 had been used to make three additional purchases totaling $343.77 at two Des Peres retail stores in the twenty minutes following the TJ Maxx transactions.

The government would prove that R.V. is an actual person and that the defendant knowingly possessed and used, without R.V.'s authorization, R.V.'s First National Bank Mastercard account number *4105, which had been re-encoded on an access device card. The government would also prove that account number *4105 is a number associated with a bank account belonging to R.V. and therefore meets the definition of a "means of identification" pursuant to 18 U.S.C. §1028(d)(7).

3

Further, the government would prove that the defendant possessed and used R.V.'s access device card with the intent to commit, or to aid or abet, or in connection with, unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.

The parties have agreed that the following transactions are considered relevant conduct in that the government would prove that the defendant entered retail stores in the Eastern District of Missouri and knowingly used fraudulent re-encoded credit cards/access devices to purchase merchandise and gift cards:

1. On June 18, 2015, the defendant entered a TJ Maxx in St. Charles Missouri and used U.S. Bank Visa account number *1799 belonging to an actual person to purchase one $150.00 gift card and another item for a total of $176.85.

2. June 18, 2015, the defendant entered a TJ Maxx store in Creve Coeur, Missouri and used U.S. Bank Visa account number *1799 belonging to an actual person to purchase one $150.00 gift card and another item for a total of $166.06.

3. June 18, 2015, the defendant entered a TJ Maxx store in Des Peres, Missouri and used a Bank of America Visa account number *8014 belonging to an actual person to purchase two $150.00 gift cards.

4. June 19, 2015, the defendant entered a TJ Maxx store in Creve Coeur, Missouri and used Visa account number *0614 belonging to an actual person to purchase two $150.00 gift cards.

5. June 29, 2015, the defendant entered a TJ Maxx store in Creve Coeur, Missouri and used Visa account number *4851 belonging to an actual person to purchase two $150.00 gift cards and another items for a total of $326.77.

6. June 29, 2015, the defendant entered a TJ Maxx store in Kirkwood, Missouri and used a U.S. Bank Visa account number *6717 belonging to an actual person to purchase one $150.00 gift card and another item, and, in a separate transaction, used J.P. Morgan Chase Visa account number *0207 belonging to an actual person to purchase a $150.00 gift card for a total of $321.65.

7. June 30, 2015, the defendant entered a TJ Maxx store in Creve Coeur, Missouri and used: Mastercard account number *9233 belonging to an actual person in an attempted purchase one $150.00 gift card; Mastercard account number *7863 belonging to an actual person to purchase one $150.00 gift card; and Mastercard account number *7805 belonging to an actual person in an attempted purchase of one $150.00 gift card.

8. July 1, 2015, the defendant entered a TJ Maxx store in Kirkwood, Missouri and used Visa account number *4819 in an attempted purchase of one $150 gift card and used an American Express account number *3017 belonging to an actual person to purchase two $150.00 gift cards and another item for a total of $327.08.

9. July 1, 2015, the defendant entered a TJ Maxx store in Des Peres, Missouri and used a USAA Bank Visa account number *2499 belonging to M.B. to purchase two $150.00 gift cards and another item for a total of $314.11.

10. July 8, 2015, the defendant entered a TJ Maxx store in Kirkwood, Missouri and used Chase Visa account number *7787 belonging to an actual person to purchase one $150.00 gift card and in a separate transaction used Education Credit Unit Visa account number *6895 belonging to an actual person to purchase one $150.00 gift card.

11. July 8, 2015, the defendant entered a Marshalls store in Creve Coeur, Missouri and used Visa account number *8632 belonging to an actual person to purchase one $150.00 gift card.

12. July 8, 2015, the defendant entered a TJ Maxx store in St. Charles, Missouri and used Quest Credit Union Visa account number *8349 belonging to an actual person to purchase one $150.00 gift card.

13. July 10, 2015, the defendant entered a Marshalls store in St. Peters, Missouri and used Synchrony Bank Mastercard account number *4260 belonging to D.W. to purchase one $150.00 gift card.

14. On July 10, 2015, the defendant entered a TJ Maxx store in Des Peres, Missouri and used Mastercard account number *4260 belonging to an actual person to purchase two $150.00 gift cards.

The parties agree that the government would prove that the defendant's conduct, including relevant conduct, resulted in a loss amount between $15,000.00 and $40,000.00.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 15 years,

a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

### 6. U.S. SENTENCING GUIDELINES: 2016 MANUAL:

The parties acknowledge that this offense is affected by the U.S. Sentencing Guidelines and that the actual sentencing range will be determined using both the Total Offense Level and the defendant's Criminal History Category.

However, because the parties have agreed to recommend that the Court sentence the defendant to a term of probation, the parties will request a downward variance should the Guidelines calculation result in a recommended sentence of imprisonment.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that the base offense level is 6, as found in Section 2B1.1(a)(2)

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: (a) 4 levels should be added pursuant to Section 2B1.1(b)(1)(C) because the loss amount was more than $15,000.00 but less than $40,000.00; and (b) 2 levels should be added pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims.

### b. Chapter 3 Adjustments:

**(1) Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a). The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it

7

believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: None.

**c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 10.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

8

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

   d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100.00, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims for the total amount of restitution ordered by the Court.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a

11

reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or

indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

11/20/2020
Date

Jennifer J. Roy, #MO47203
Assistant United States Attorney

11-16-2020
Date

Mario Escoto
Defendant

11/20/2020
Date

Daniel Schattnik
Attorney for Defendant